WESTMORELAND v. MARTIN.

1. An attorney's right to fees must, in every case, rest on contract made with the party himself who is charged, or with his representative. No legal claim for compensation can be founded upon services incidentally benefiting a party, other than the employer, as against that party, because of the incidental benefit.
2. Where a plaintiff, claiming a half interest in land, brought action for partition, and the claim was resisted, but finally adjudicated in plaintiff's favor, and the land divided, each party getting half, the defendant cannot be charged with any part of the fee due to plaintiff's attorney.
3. This case distinguished from *Nimmons* v. *Stewart*, 13 *S. C.*, 446.

Before WALLACE, J., Laurens, June, 1885.

The opinion states the case.

*Mr. W. H. Martin*, for appellant.

*Mr. Geo. Westmoreland*, contra.

February 24, 1886. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiffs filed the complaint below for the partition of a certain tract of land situate in Laurens County, in which they claimed that the plaintiff, Permelia, and the defendant were tenants in common, each being entitled to one-half. The defendant denied this claim. The case was referred to the master to hear and report upon the issues of law and fact involved, who sustained plaintiffs' claim. Upon exceptions to the Circuit Court, the master's report was confirmed, from which there was no appeal. Thereupon, by order, a writ in partition issued, under which the land was divided between the parties, and on motion of plaintiffs' attorney it was then referred to the master, to report a suitable fee for said attorney to be paid by the parties to the suit. The master upon testimony reported $250 as a reasonable fee. The partition was confirmed, and the fee reported was ordered to be paid, one-half each to be paid by plaintiffs and defendant, and in case that either failed, the interest of such failing party in the land to be sold for such payment. From this order the defendant has appealed, contesting the ruling of the judge as to the fee.

The appellant's counsel correctly states the general rule on this subject, to wit, that counsel fees must depend upon the contract of the parties. Under this rule attorneys must ordinarily look to their clients for compensation—to those who directly employed them. The courts, however, have sometimes decreed counsel fees to attorneys not employed by the party himself subjected to the fee, but by one whom the law regards as the representative of such party, and, consequently, authorized to contract for him. Thus, attorneys' fees must in every case rest on contract made by the party charged himself, or by his representative. We mean the right to fees, the amount, in the absence of a sum agreed upon, of course depending upon labor and services rendered. Thus it is, that the property of infants, lunatics, and others, who must appear by representatives, may be charged for the fees of attorneys employed by such representatives. And thus it is, too, that the attorney employed by one of a class, interested in a common property, to recover, protect, and defend said property for

the benefit of all, may be allowed a fee out of the common fund. But we know of no law which can subject one to a charge for services which have not been authorized by him, neither directly nor through his representative. No legal claim for compensation can be founded upon services incidentally benefiting a party, other than the employer, as against that party, and because of the incidental benefit. *Hand* v. *Railroad Co.*, 21 *S. C.*, 162. In such case, there might be some moral equity underlying the claim, but this equity has never yet been brought within the jurisdiction of the courts. It has been left to the moral sense of the party benefited.

The respondent relics upon the case of *Nimmons* v. *Stewart*, 13 *S. C.*, 446. Upon examination of that case, however, it will be found that the principle therein does not cover the question here. There, the plaintiff was suing for, and recovered as trustee, the sum of $2,000 for her *cestui que trust*, and a fee of $200 was allowed her attorney, which reduced the trust fund to $1,800. The parties entitled in remainder to this fund objected and made the question. This court held that the allowance of the fee was proper, in accordance with the principles herein above referred to. Nimmons was acting in a representative capacity, suing for the benefit of her *cestuis que trust*, and the fund which she brought into court, by her litigation for the benefit of those whom she represented, was liable for the fee of her attorney. But in the case at bar, the plaintiff does not sustain any trust relation to the defendant. She is in no sense the representative of the defendant. In fact, she and the defendant have been antagonists, fighting at arm's length from the beginning of the litigation, each having her own attorney.

We think it was error to charge the defendant with any portion of the fee of the plaintiffs' attorney, and to that extent the judgment below is modified, by reversing so much thereof as charges the defendant with one-half of the fee allowed to plaintiffs' attorney.