[No. 12254. Department One. — March 26, 1888.]

IN THE MATTER OF THE ESTATE OF F. W. R. STUTT-MEISTER, DECEASED.

ESTATE OF DECEDENT — SERVICES RENDERED HEIRS — PAYMENT BY ESTATE. — The claim of an attorney at law for professional services rendered in pursuance of a contract between himself and the heirs of a decedent, in compelling the executor of the decedent to hasten his administration, is not a proper charge against the estate, and an order directing the executor to pay such claim out of the assets of the estate is void.

APPEAL from an order of the Superior Court of the city and county of San Francisco for the payment of an attorney fee from the estate of a decedent.

The facts are stated in the opinion of the court.

*Ben Morgan,* for Appellant.

*E. J. & J. H. Moore,* for Respondent.

PATERSON, J.—The petitioner herein is an attorney at law. On June 12, 1884, he filed a petition in the probate department of the superior court, asking for an order citing V. R. and W. O. Stuttmeister, Bertha M. Byer, and George C. Hoadley, guardian of the estate of Alice L. Stuttmeister, a minor, to appear and show cause why they should not pay the petitioner their proportion

of the sum of three hundred dollars, claimed by him as
an attorney fee.

In his petition he alleged among other matters that
the executor of the last will of Stuttmeister, deceased, had
grossly neglected the duties of his trust, and delayed the
settlement of the estate; that the heirs and devisees were
unable to learn anything about the affairs of the estate;
that two of the heirs, V. R. Stuttmeister and B. M. Byer,
being greatly in need of money, retained the petitioner
as their attorney to prosecute the matter in their behalf,
he consenting to act without a retaining fee; that he was re-
tained by them as their attorney to prosecute their claim
for themselves and minor heirs; that Hoadley, as guardian
of the estate of the minors, retained him to prosecute on
behalf of the minors proceedings against the executor on
the same terms and conditions. He further alleged that,
in pursuance of his agreement, he had performed services
which were worth the sum of three hundred dollars; that
he had presented his claim to the heirs and Hoadley, the
guardian, and demanded payment, but all objected to
the payment of the same except the guardian, who was
willing to pay whatever sum the court might allow.

On September 19, 1884, the default of the respondents
for failure to answer the petition was entered. On Octo-
ber 8, 1884, the court made an order allowing the peti-
tioner three hundred dollars " for services rendered as
attorney for the heirs herein in hastening the adminis-
tration of the estate," and ordered " that judgment be en-
tered in favor of petitioner for the sum of three hundred
dollars . . . . to be paid from said estate in due course
of administration." No appeal was taken from this or-
der. Thereafter on May 11, 1887, the petitioner filed
another petition in said estate, setting forth the making
of said order and praying that the administrator of said
estate be compelled to pay him said sum of three hun-
dred dollars. To this petition the administrator filed an
answer, and the matter coming on to be heard, the court

granted the prayer of the petition, and ordered the administrator to pay the petitioner forthwith out of the funds in his hands belonging to said estate the said sum of three hundred dollars, from which order this appeal is taken.

From the foregoing statement it will be seen that the contract upon which the petitioner relies in support of the orders of the court was a contract between himself and V. R. Stuttmeister and B. M. Byer. The executor was not a party to the agreement, and there was no order appointing the petitioner attorney for minor or absent heirs. The heirs could not by their contract bind the estate. The executor was not made a party to the proceeding which resulted in the first order, and the estate was not represented. The claim was not one which arose in the lifetime of the testator, and it was not an expense of administration.

The fact that no appeal was taken from the original order is immaterial, because the proceedings on their face are void. They show a contract with parties who could not bind the estate, — the petition states no facts authorizing the order, — and no one representing the estate was a party thereto.

In *Stuttmeister* v. *Superior Court*, 72 Cal. 487, it was decided simply that an appeal having been taken from the order now before us, and a *supersedeas* bond filed, the court had no power to enforce the payment of the money by proceedings for contempt.

The order is reversed.

Searls, C. J., and McKinstry, J., concurred.