[S. F. No. 53.   Department One.—March 21, 1896.]

A. V. FATJO, TRUSTEE, ETC., RESPONDENT, v. G. A. SWASEY, APPELLANT.

TRUST—DEVISE TO EXECUTORS AS TRUSTEES—DISTRIBUTION—TITLE OF SUCCESSOR APPOINTED BY COURT.—A will devising the estate to the executors as trustees, in trust to sell and distribute the proceeds, as soon as in their judgment may be for the best interest of the estate, creates a valid trust, and upon distribution of the estate to the executors as trustees, the legal title to the property vests in them, and upon their resignation or removal, and the appointment of a trustee as their successor by the court, the legal title vests in him, subject to the trust.

ID.—JURISDICTION OF EQUITY OVER TRUSTEES—APPOINTMENT OF NEW TRUSTEE.—Courts of equity have inherent jurisdiction over all matters of trust and trustees, and they never allow a trust to fail for want of a trustee, and they may appoint a new trustee, when the trustees originally appointed resign or are removed, and a new appointee, when he accepts the place, succeeds to all the rights, duties, and responsibilities of his predecessors.

ID.—DELAY IN SALE BY TRUSTEES—RIGHT OF BENEFICIARIES.—The delay or failure of the trustees to sell the property pursuant to the trust does not operate to destroy the trust, or vest title in the beneficiaries; but

if the trustees err in the exercise of the judgment reposed in them to sell the property as soon as, in their judgment, it will be most for the interest of the estate, the only remedy for the beneficiaries is to apply to the court for an order directing the trustees to proceed and execute the trust, or for their removal.

ID.—CONSTRUCTION OF CODE—TRANSFERABLE INTEREST OF BENEFICIARY. Section 863 of the Civil Code, which enacts, generally, that the whole of the trust estate in real property is vested in the trustees, and that the beneficiaries take no estate or interest in the property, but may enforce the trust, is not affected or repealed by section 867 of the code as amended in 1874, which permits the transfer of the rights of the beneficiary to the rents and profits, unless restrained by the instrument creating the trust.

ID.—MORTGAGE BY BENEFICIARY ILLEGAL—ACTION BY TRUSTEE TO QUIET TITLE.—The beneficiary of a legal trust has no mortgageable interest in the trust property, and a mortgagee of such beneficiary acquires no lien thereupon by the execution of the mortgage, and no title can be acquired by its foreclosure; and the trustee may have his title quieted as against such mortgage, and as against a purchase made under foreclosure thereof.

ID.—EFFECT OF DIRECTION TO CONVERT LAND INTO MONEY—TITLE OF TRUSTEES.—A direction in the will to the trustees to convert the land into money is for the benefit of those for whose use the conversion is intended to be made, and, as to them, the conversion is deemed to be made from the death of the testator; but such a direction does not affect the title or character of the property so far as the legatees or heirs are concerned, or prevent the trustees from acquiring the legal estate in the land, subject to the trust.

APPEAL FROM JUDGMENT—REVIEW OF EVIDENCE.—Where an appeal from a judgment is not taken within sixty days after its rendition, the evidence cannot be reviewed; and it is immaterial that an appeal, not taken within that period, was taken within sixty days after notice of the rendition of the judgment.

ID.—BILL OF EXCEPTIONS—SPECIFICATION OF PARTICULARS.—The evidence cannot be reviewed upon an appeal from the judgment, where the bill of exceptions contains no specifications of the insufficiency of the evidence to justify the findings.

APPEAL from a judgment of the Superior Court of Santa Clara County. F. E. SPENCER, Judge.

The facts are stated in the opinion of the court.

*G. A. Swasey*, in *pro. per.*, and *Moses G. Cobb*, for Appellant.

The plaintiff cannot maintain this action, because the real property must be deemed to be personal property. (Civ. Code, sec. 1338.) Henrianna B. Swasey had a mortgageable interest in the property. (Civ. Code,

secs. 699, 765, 863, 867, 1044–5, 2447, 2883, 2962; Gray's Restraints on Alienation, secs. 134, 142, 170, 171, 175, 177, 213, 241–65; Code Civ. Proc., secs. 682, 690, 701; *Ide* v. *Ide*, 5 Mass. 500; *Sparhawk* v. *Cloon*, 125 Mass. 263; *Taylor* v. *Harwell*, 65 Ala. 1; *Gray* v. *Obear*, 54 Ga. 231; *Rice* v. *Burnett*, Spear Eq. 579; 42 Am. Dec. 336; *Ioor* v. *Hodges*, Spear Eq. 593; *Roberts* v. *Hall*, 35 Vt. 28; *Scott* v. *Gibbon*, 5 Munf. 86; *Scott* v. *Loraine*, 6 Munf. 117; *Roanes* v. *Archer*, 4 Leigh, 550; *Fisher* v. *Taylor*, 2 Rawle, 33; *Holdship* v. *Patterson*, 7 Watts, 547; *Vaux* v. *Parke*, 7 Watts & S. 19; *Rees* v. *Livingston*, 41 Pa. St. 113; *Hendersen* v. *Hill*, 9 Lea, 25; *Gamble* v. *Dabney*, 20 Tex. 69; *McIlvaine* v. *Smith*, 42 Mo. 45; 97 Am. Dec. 295; *Lackland* v. *Smith*, 5 Mo. App. 153; *Nichols* v. *Levy*, 5 Wall. 431, 433; *Hooberry* v. *Harding*, 10 Lea, 392; 3 Tenn. Ch. 667; *Knefler* v. *Shreve*, 78 Ky. 297; *Harris* v. *Judd*, 3 Hawaii, 421; *Overman's Appeal*, 88 Pa. St. 276, 281.) Upon the retirement of the original trustees, they having failed to act under the discretionary powers conferred in the will, the trust died. (*Wood* v. *Wood*, 5 Paige, 596; 28 Am. Dec. 451; Civ. Code, secs. 871, 1352, 1372, 2216, 2218, 2279, 2282; 1 Jarman on Wills, 5th ed., 709, 711, 712, and note "K"; *Attorney General* v. *Stephens*, 3 Mylne & K. 347; *Godolphin* v. *Godolphin*, 1 Ves. 23; *Niles* v. *Stevens*, 4 Denio, 399; *Beekman* v. *Bonsor*, 23 N. Y. 298; 80 Am. Dec. 269; *Pearson* v. *Jamison*, 1 McLean, 197; *Doe* v. *Robinson*, 24 Miss. 688; *Singleton* v. *Scott*, 11 Iowa, 589; *Gagliardo* v. *Dumont*, 54 Cal. 496; *Loughlin* v. *Wright*, 63 Cal. 113; *Gleason* v. *Spray*, 81 Cal. 218; 15 Am. St. Rep. 47; *Homer* v. *Shelton*, 2 Met. 194, 206; *Hooper* v. *Bradbury*, 133 Mass. 303, 307, 308; 18 Am. & Eng. Ency. of Law, 968, 970, and notes; *Bramhall* v. *Ferris*, 14 N. Y. 41–6; 76 Am. Dec. 113; *Phelps* v. *Pond*, 23 N. Y. 69; *Clay* v. *Hart*, 7 Dana, 1; *Evans* v. *Kingsberry*, 2 Rand. 120; 14 Am. Dec. 779; *Taylor* v. *Benham*, 5 How. 233; Williams on Executors, 9th ed., 579, 580, 1038, 1245, 1248, 1250; *Saunders* v. *Webber*, 39 Cal. 287, and cases cited; *Sprague* v. *Edwards*, 48 Cal. 239; *Saun-*

*ders* v. *Schmaelze,* 49 Cal. 66, 67; *King* v. *Gotz,* 70 Cal.
240, 241; *Pico* v. *Warner,* 73 Cal. 20.)   Whatever may
be the real nature of the title coming from Henrianna
and her children, the defendant's lien thereon is valid.
(*Kennedy* v. *Nunan,* 52 Cal. 331; *Le Roy* v. *Dunkerly,* 54
Cal. 459; *King* v. *Gotz, supra;* Code Civ. Proc., secs. 688,
778, 779, 781; *Gates* v. *Salmon,* 35 Cal. 576; *Schlessinger*
v. *Mallard,* 70 Cal. 333.)

*Van Ness & Redman,* for Respondent.

The court had power to substitute plaintiff in place
of the original trustees, and the trustee has the legal title.
(Civ. Code, secs. 863, 2269, 2283, 2284.)   Henrianna B.
Swasey, as beneficiary, had no vested or mortgageable
interest in the trust property.   (Civ. Code, sec. 863.)

BELCHER, C.—L. H. Bascom died February 22, 1881,
in Santa Clara county, leaving real and personal prop-
erty therein and also leaving a last will, in which he
nominated his wife, Annie M. Bascom, and his son,
Alpheus L. Bascom, as the executrix and executor
thereof.   The provisions of the will, so far as they need
be noticed, are as follows:

"I give, devise, and bequeath to my said executors
all and singular, all my property, real, personal, and
mixed, separate or common, wheresoever situated, in-
cluding all moneys belonging to me, or of which I may
die seised or possessed, in trust, nevertheless, and to
and for the following purpose and benefits only, and not
otherwise.

"To sell all and singular the estate and property
above named, and which may come into their hands,
or either of them, as such executors, as soon after my
death as in their judgment may be most for the interest
of my estate, and convert the same into cash, and such
cash, together with all moneys belonging to said estate,
shall be disposed of in the manner following, to wit:
to be divided into eight shares, one share to go to each
of my children, subject to the following conditions, such

shares to be equal in amount: To my daughter, Henrianna B. Swasey, one share, which my said executors shall invest in such way as that she shall have the use and enjoyment of all the income thereof during her life, free from the control, interference, or hindrance of her husband; and on her death to vest in her children in fee. . . . .

"I further provide that, in the event of the death of any of my said children, I leave the share of my estate to which he or she would have been entitled to his or her issue lawfully begotten; or, should any of my children die without such lawful issue, I direct my executors to invest such share for the benefit of the survivors and their children in equal shares, on the same terms, trusts, and conditions as hereinbefore expressed, severally, as to such survivors."

In due time the said will was admitted to probate, and the persons named as executrix and executor thereof were appointed, and entered upon the discharge of their duties as such.

Thereafter the estate was regularly administered upon and closed by a decree of distribution, whereby the property described in the complaint herein was distributed to said Annie M. and Alpheus I. Bascom, as trustees, pursuant to the provisions of said will.

Henrianna B. Swasey had three children, all of whom had reached the age of majority, and in September, 1885, they conveyed to their mother, by a deed duly executed, "all the real and personal estate situate in the state of California, or elsewhere," derived by them "through the last will and testament" of the said decedent.

On December 1, 1887, Mrs. Swasey obtained a loan of one thousand dollars from one Tennyson, for which she gave him her promissory note and a mortgage on a part of the property described in the complaint to secure its payment. Immediately thereafter Tennyson assigned the said note and mortgage to the defendant who had advanced through Tennyson the money so

loaned. The said mortgage was duly recorded, but the assignment thereof was never recorded.

In February, 1889, Mrs. Swasey and others commenced an action for the partition of the land distributed to the trustees, alleging in the complaint that she had an estate of inheritance therein to the extent of one undivided one-sixth interest in the fee thereof, and also alleging that the trustees, Annie M. and Alpheus L. Bascom, had no interest in or right to the said land or any part thereof. Said Tennyson was made a party to the action and was served with summons, but suffered his default to be entered. It was alleged that he held a mortgage made by the plaintiff, Mrs. Swasey, "on her share of said premises, to secure a note for six hundred and twenty-five dollars dated March 17, 1887, and payable in two years, which said mortgage was recorded on the twenty-fourth day of March, 1887, in the recorder's office," etc. And the prayer of the complaint as to said Tennyson was that the mortgage given by Mrs. Swasey to him be declared to be a charge only on the share assigned to her.

The case was tried, and on July 2, 1890, an interlocutory decree was entered, adjudging that Mrs. Swasey and the other beneficiaries of the trust had no vested or present interest in the land described in the complaint, except as such beneficiaries, and further adjudging that four-sixths of the said land be partitioned to said Annie M. and Alpheus L. Bascom, trustees under said will. And by consent of all the parties a sole referee was appointed to make a partition of the premises in accordance with the decree.

On July 18, 1890, an action was commenced by the beneficiaries of said trust to remove said trustees, and for the appointment of another trustee or trustees to act in their place and stead. In said action Annie M. Bascom tendered her resignation as trustee, which was accepted by the court, and thereafter, by the judgment and decree of the court, Alpheus L. Bascom was removed from his position as such trustee, and A. V. Fatjo, the

plaintiff herein, was duly appointed as sole trustee of said estate, and was "authorized and empowered to discharge the duties arising from said trust originally conferred by said decree of distribution upon said A. M. and A. L. Bascom."

Thereupon said Fatjo duly qualified as such trustee under said appointment, and ever since has been "the duly authorized, qualified, and acting trustee of said estate of L. H. Bascom, deceased."

On December 29, 1890, a final decree in the said partition suit was made and entered, whereby the premises described in the complaint in this action were awarded and set apart to said A. V. Fatjo, as trustee, "to hold the same in trust under said last will and testament of L. H. Bascom, deceased."

In October, 1893, the defendant herein, G. A. Swasey, commenced an action to foreclose the mortgage given by Mrs. Swasey to Tennyson, and by the latter assigned to him. The plaintiff in this action was made a party defendant, but the court ordered the action dismissed as to him. The usual decree of foreclosure against Mrs. Swasey was duly entered therein, as prayed for, on January 5, 1894.

Thereafter, on January 10, 1894, the plaintiff commenced this action to quiet his title to the premises partitioned to him, as trustee; and it was held, as in the partition suit, that Mrs. Swasey had no interest in the land, and that the defendant, as her mortgagee, had acquired no lien under the mortgage or the decree of foreclosure which he could assert against the plaintiff's title.

Judgment was accordingly entered in favor of the plaintiff, from which the defendant has appealed on a bill of exceptions.

1. One of the points urged for a reversal is that finding VI, made by the court below in regard to the partition suit and the judgment rendered therein, was defective and not supported by the evidence. This point cannot be considered for the reason: 1. That the bill of excep-

tions contains no specifications of the particulars wherein the evidence was insufficient to justify any of the findings; and 2. An exception to the decision, on the ground that it is not supported by the evidence, cannot be reviewed on an appeal from the judgment, unless the appeal is taken within sixty days after the rendition of the judgment. (Code Civ. Proc., sec. 939.) Here it appears that the judgment was rendered December 8, 1894, and the appeal was taken February 8, 1895, more than sixty days after the rendition of the judgment. The claim that the appeal was taken within fifty-six days after notice of the rendition of the judgment was served cannot be availed of. The rule invoked applies only to the time for giving notice of a motion for a new trial.

2. The validity of the trust created by the will is not questioned, but it is contended that the court had no power to substitute the plaintiff in the place of the original trustees, because the discretionary power granted to them "was born of a particular confidential relationship between the testator and those chosen as trustees," and no such relationship existed between the testator and the plaintiff. It is said: "A discretionary power cannot be delegated. A trust cannot be delegated to a person not contemplated in its original creation." And hence it is argued that when the original trustees went out the trust lapsed, and the title to the property vested in the beneficiaries.

This position cannot be sustained. Every trust naturally implies a confidential relationship between the trustor and the trustee, and yet no rule is better settled than that "courts of equity have inherent jurisdiction over all matters of trust and trustees, and they never allow a trust to fail for want of a trustee." (Perry on Trusts, sec. 240.) And the rule is declared in our Civil Code as follows:

"SEC. 2283. The superior court may remove any trustee who has violated or is unfit to execute the trust: or may accept the resignation of a trustee."

"SEC. 2289. When a trust exists without any appointed trustee, or where all the trustees renounce, die, or are discharged, the superior court of the county where the trust property, or some portion thereof, is situated, must appoint another trustee, and direct the execution of the trust. The court may, in its discretion, appoint the original number, or any less number of trustees."

Under these provisions, and in a proper proceeding, it appears that the court accepted the resignation of one of the original trustees and removed the other, and then appointed the plaintiff as their successor, and conferred upon him " all discretionary powers mentioned in said will, and therein or otherwise conferred upon said original trustees." There can be no question that the action of the court in this respect was authorized, and that the new appointee when he accepted the place succeeded to all the rights, duties, and responsibilities of his predecessors.

It is further contended that the trustees had never sold the property, or any part thereof, and that their failure to do so operated to destroy the trust, and vest the title in the beneficiaries. But this cannot be so. The will provided that the property should be sold as soon after the testator's death as in the judgment of the trustees might be most for the interest of the estate. The trustees, then, were to exercise their own judgment as to when the sale should be made, and if they erred in this regard the only remedy was an application to the court for an order directing them to proceed and execute the trust, or for their removal.

3. The next question is, Did Mrs. Swasey have any mortgageable interest in the trust property? Appellant contends that she had, and that the finding of the court to the contrary was not justified by the evidence, and was erroneous.

Section 863 of the Civil Code provides as follows: " Except as hereinafter otherwise provided, every express trust in real property, valid as such in its creation,

vests the whole estate in the trustees, subject only to the execution of the trust. The beneficiaries take no estate or interest in the property, but may enforce the performance of the trust."

It is claimed by appellant that this section is in conflict with section 867 of the same code, as amended in 1874, and that to the extent of the conflict the former was repealed by the amendment of the latter.

As originally passed section 867 read as follows: "The beneficiary of a trust for the receipt of the rents and profits of real property cannot transfer, or in any manner dispose of, his interest in such trust." And as amended it reads: "The beneficiary of a trust for the receipt of the rents and profits of real property, or for the payment of an annuity out of such rents and profits, may be restrained from disposing of his interest in such trust during his life, or for a term of years, by the instrument creating the trust."

The contention is that the last-named section as it now reads "grants to the beneficiary a present estate and alienable interest in the property, unless restrained from alienation by the testator."

We see no irreconcilable conflict between the two sections. The first relates to the trust property, and declares that the beneficiary takes no estate or interest therein. The last relates to the rents and profits of the trust property which the beneficiary is entitled to receive, and which were recognized by the section, as originally passed and as amended, as an interest in the trust. Up to the time of the amendment this interest in the rents and profits could not be transferred, but now it may be, unless restrained by the instrument creating the trust.

It follows if Mrs. Swasey had no estate or interest in the real property, that her children had none which they could convey to her.

Whether she had and has an interest in the income to be received and enjoyed by her during her life, which could be assigned or levied upon under execution is a

question which does not arise here, and upon which we express no opinion.

4. It is claimed that the plaintiff cannot maintain this action to quiet his title to the real property because section 1338 of the Civil Code provides that "when a will directs the conversion of real property into money, such property and all its proceeds must be deemed personal property from the time of the testator's death."

A sufficient answer to this claim is that the devisee of real property subject to a trust acquires a legal estate in the property (Civ. Code, secs. 863, 864), and the law has always been "that the direction in wills to convert land into money or money into land is for the benefit of those for whose use the conversion is intended to be made, and that as to them it is deemed to have been made from the death of the testator." (*Estep* v. *Armstrong*, 91 Cal. 659.) Such a direction, however, does not affect the title to or character of the property, so far as the legatees or heirs are concerned.

It is unnecessary to consider the other questions discussed by counsel. We conclude that the trust was valid in its creation, and that the title to the property, subject only to the execution of the trust, vested in the original trustees, and is now vested in the plaintiff; and that Mrs. Swasey had no mortgageable interest in the property, and the defendant acquired no lien thereon by the execution of his mortgage or the foreclosure thereof.

It follows that the judgment should be affirmed.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.

Hearing in Bank denied.