[L. A. No. 14444. In Bank.—March 11, 1936.]

THE FARMERS AND MERCHANTS NATIONAL BANK
OF LOS ANGELES (a National Banking Association)
et al., Respondents, v. FRED E. PETERSON et al.,
Appellants.

Hugh M. Foster, W. Wellington Farron and Vernon P. Spencer for Appellants.

Lawler & Degnan for Respondents.

SHENK, J.—The plaintiff Farmers and Merchants National Bank of Los Angeles, a creditor of the Bartlett Music Company, sued on its own behalf and on behalf of all the other creditors of that company to obtain an accounting and other relief from the trustees under an assignment for the benefit of the creditors of the music company. The Farmers and Merchants National Bank of Los Angeles will be referred to as the plaintiff, and the trustees under the assignment will be referred to as the defendants. From a judgment decreeing the removal of the defendants as trustees, appointing their successor, ordering the transfer of cash, books and records to the new trustee, and for the recovery from them of certain sums, the defendants have appealed.

The facts are not in dispute. In September, 1925, by an agreement in writing, the music company transferred all of its assets to Fred E. Peterson, A. Getty, C. H. Mayer, H. Jackson and W. H. Munson for the benefit of its creditors. In August, 1926, Mayer and Munson resigned as trustees and the defendants W. C. Lannin and C. W. Jacks succeeded them. In July, 1929, Jacks resigned and C. B. Boothe took his place. The value of the assets of the company taken into the possession of the trustees shortly after the execution of the agreement was $67,646.94. Liquidation of those assets was completed about July, 1927, and realized the gross sum of $53,764.82. The court found that $22,384.97 of said sum was properly paid out for expenses.

Commencing in November, 1926, the plaintiff, who was a creditor of the company to the extent of some $60,000, made repeated demands on the defendants for an accounting or for some information concerning the receipts, expenditures and balances of the trust property. The trustees declined to make any accounting or divulge any information except as to the approximate balance on hand and that the expenses, other than occasional advances for costs where suits were necessary, were restricted to office rental of $25 a month and bookkeeping and collection charges of $15 per week. In May, and again in July, 1928, the plaintiff requested distribution of approximately $30,000 then admitted to be in the trustees' hands for that purpose. No action in respect to such demands was taken except that in meeting the trustees decided to pay $7,500 to the defendant Peterson on account of attorney fees for services rendered. In February, 1929, the demand of twenty-two of the creditors for a distribution was received by the trustees. Twice in March, 1929, the plaintiff made demands for an accounting which were declined by the trustees in writing.

The present action was commenced on May 4, 1929. On May 10th following the trustees met and paid a retainer fee of $2,500 to the defendant Peterson to resist the action for an accounting. In June, 1929, the trustees procured an audit of their accounts for their own benefit. On July 1, 1929, the trustees voted the payment of $2,000 to each of Getty, Jackson and Lannin for services to date, and an additional $4,000 to Peterson on account of attorney fees. In March, 1930, they voted the payment of $250 to each member of the committee

for services rendered. In December, 1930, they voted $1600 more to Peterson for attorney fees and $400 to each of the other trustees.

On February 23, 1931, the trustees met and resolved that a first and final dividend of 2½ per cent be paid to the creditors. Pursuant to this resolution they distributed to some of the creditors prior to the trial the sum of $1357.11, and the sum of $3,572.74 remained in their possession for distribution.

In November, 1931, on the plaintiff's further demand the trustees by letter refused to permit the plaintiff to audit the accounts except at its own expense, and on condition that it accept the final dividend of 2½ per cent and dismiss the action for an. accounting. On December 4, 1931, in meeting, the trustees considered the plaintiff's offer to audit the accounts at its own expense and, although the trustees then had an available audit, decided not to grant the bank's request, and again voted sums to Peterson for attorney fees and to each of the other members for services rendered.

The action was tried in October, 1932. The court found that Peterson had received a total of $16,450, Getty, Lannin and Jackson each $3,000, and Boothe $1,000 of the trust funds for their personal use; a total of $10,000 to the trustees except Peterson, and a grand total of $26,500 to all the trustees for purported services rendered, out of a fund of $31,379.85 remaining for distribution after all expenses found to have been proper were discharged. The court found further that the sum of $1367.65 was the reasonable value of Peterson's services, and that the difference, or the sum of $15,082.35, constituted an overpayment to him. Also, that of the $10,000 paid to the other trustees, $8,632.35 constituted an overpayment. There was thus found the sum of $27,285.34 which should have remained in the trustees' hands for distribution to the creditors. The court found specific acts of concealment and bad faith and that the defendants were unfit to continue as trustees. It ordered the removal of the trustees, and appointed George H. Naegele to succeed them and to receive from them the sum in their hands amounting to $3,572.74 and the books and records pertaining to the administration of the trust. The court further provided for the recovery from the defendants jointly and severally of certain sums aggregating $23,714.70. It ordered the disbursement

by the newly appointed trustee of said sum of $3,572.74 to those creditors who had not yet received a 2½ per cent dividend; it ordered the payment to the plaintiff of five per cent of the sums received and recovered from the trustees as and for fees for services rendered by its attorney in the conduct of the action for and on behalf of all the creditors; and ordered the balance of the sums recovered from the defendants disbursed in accordance with the terms of the trust agreement.

On this appeal no serious contention is or can be made that the findings are not supported by the evidence or that there is any error prejudicial to the defendants in the accounting as found by the court. The appellants, in a voluminous brief, without any statement of the facts or the evidence, content themselves for the most part with attacks on the sufficiency of the pleadings, and contentions respecting claimed defects of parties. They also contend that the findings made and relief granted were outside the issues, and that the judgment is void because not filed within thirty days as required by section 632 (1) of the Code of Civil Procedure. Some of the specific grounds of the appeal will be noted.

■ It is the contention of the defendants that all the necessary parties were not before the court because each of the sixty-nine creditors on whose behalf the plaintiff brought the action was not made a party plaintiff or defendant and served with process. The plaintiff alleged facts which conformed to the requirements of section 382 of the Code of Civil Procedure and which, if true, entitled it to pursue the action on behalf of itself and all the other creditors of the music company. These facts were all admitted by the failure of the defendants to deny them. The trial thereupon properly proceeded, the plaintiff acting on behalf of all the creditors. (Code Civ. Proc., sec. 382.)

■ The court dismissed the action as to trustees Mayer and Munson who had resigned in April, 1926. It is claimed that this was error because, so it is stated, in so far as the record shows "they might have paid the entire claim of plaintiff, if any existed". The reverse of that statement is disclosed by the record, viz., that no sum was paid by them, that nothing was received by them for their own personal use, and consequently that no judgment could have been rendered against them. The order of dismissal was therefore proper.

■ The defendants contend that the plaintiff was not the proper party to sue because W. F. Ball, who was vice-president of the music company, had guaranteed the company's notes to the plaintiff, and before the commencement of the action had substituted his personal note for his guaranty note and delivered it to the plaintiff with the company's unpaid notes as collateral security; that is, that the company's obligation to the plaintiff was discharged and that Ball and not the plaintiff was its creditor. The execution and delivery of Ball's note to the plaintiff in compliance with his contract of guaranty did not disturb the plaintiff's status as a creditor of the corporation, or its right to sue as such and on behalf of the other creditors. Under its contract with Ball the plaintiff was still obligated to pursue the company for payment and apply the collections in reduction of Ball's note. Furthermore, the court found that the note of the company to the plaintiff was not paid or discharged. ■ In this connection there is likewise no merit to the claim that service of process on the music company by serving Ball as its vice-president was illegal. The defendants admitted the corporate existence of the music company and service on its vice-president was proper. (Sec. 411, Code Civ. Proc.)

■ The defendants complain that trustee Boothe, who appeared voluntarily and filed his answer, was not properly a party defendant because he was not named as a party in the complaint or the amended complaint, and that consequently the judgment against him is void. There is, of course, no merit to the point. Boothe invoked the judgment of the court by his voluntary appearance, and may not now be heard to deny the jurisdiction of the court to render such judgment. (*Tyrrell* v. *Baldwin,* 67 Cal. 1, 4 [6 Pac. 867]; sec. 416, Code Civ. Proc.) His voluntary appearance must be deemed to be a waiver of any failure to name him as a defendant. (*Eastern Outfitting Co., Inc.,* v. *Myers,* 39 Cal. App. 316 [180 Pac. 669].)

■ Equally without foundation are other arguments offered by the defendants, namely, that the pleadings did not disclose the plaintiff's right to an accounting, nor a fiduciary relationship between the creditors and the trustees; "that no claim having been filed the plaintiffs disclose no right to an interest in the fund and the court acquires no jurisdiction"; and that the court had no jurisdiction to grant relief by the

removal of the trustees, nor to order a money judgment against them, nor to order payment of such a judgment to the newly appointed trustee because he was not named as a party plaintiff. Numerous similar claims are wholly without merit and do not justify discussion. An examination of the pleadings, the evidence, the findings and the judgment, as a mere statement of the facts herein discloses, indicates conclusively that all of the parties necessary to a complete determination of the subject-matter were before the court; that all of the relief granted was within the issues and within the equity jurisdiction of the court to grant (*Fatjo* v. *Swasey*, 111 Cal. 628 [44 Pac. 225]; *Fox* v. *Hale & Norcross Silver Min. Co.*, 108 Cal. 475 [41 Pac. 328]; *Wickersham* v. *Crittenden*, 93 Cal. 17 [28 Pac. 788]; 1 Cal. Jur., p. 169); and that findings and judgment of the court are amply supported by competent evidence.

The failure of the court to file its findings and judgment within the thirty-day period prescribed by section 632 (1) of the Code of Civil Procedure did not make the judgment void. The provisions of that section have been held to be directory merely and not jurisdictional. (*City of Los Angeles* v. *Hannon*, 79 Cal. App. 669, 673 [251 Pac. 247], and cases cited.) The findings and judgment were in accordance with the court's announcement of its decision at the termination of the trial, and not, as contended by the defendants, contrary thereto.

The final contention to be noticed is that the plaintiff is not entitled to have 5 per cent of the moneys received and recovered herein as an attorney's fee. That provision in the judgment does not increase the amount of the recovery against the defendants nor subject them to payment of the plaintiff's attorney's fee. In cases such as this, where the plaintiff has prosecuted the action for the benefit of numerous persons, the court is permitted, and justly so, to provide for the plaintiff's attorney's fee out of the moneys recovered for their joint benefit. (*Fox* v. *Hale & Norcross Silver Min. Co.*, *supra*, at page 477.)

Counsel for the respondent call our attention to a clerical misprision appearing in the court's conclusion of law numbered VI, with respect to a reference therein to paragraph III of the conclusions of law. Examination indicates that this reference should have been to paragraphs III and IV. The

conclusions of law therefore should be and they are amended by striking the words and numerals "Paragraph III" appearing in the third line of paragraph VI of the conclusions of law and substituting therefor the following: "Paragraphs III and IV".

The judgment is affirmed.

Thompson, J., Curtis, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.