31 Cal.2d 669 (1948)
Estate of JAMES E. READE, Deceased. DOROTHY QUEIROLO, Respondent,
v.
OLIVE HELEN RUHLAND, Individually and as Administratrix, etc., Appellant.
S. F. No. 17403. 
Supreme Court of California. In Bank. 
Apr. 13, 1948.
 Lawrence A. Cowen and Herbert Chamberlin for Appellant.
 J. E. Hood for Respondent.
 SHENK, J.
 Appeals from an order surcharging an account and allowing an attorney's fee.
 James E. Reade died intestate in 1945, leaving as heirs four daughters, two sons and two children of a deceased daughter. Olive Helen Ruhland, a daughter, was appointed administratrix of his estate. Thereafter she collected a death benefit of $2,654 from the Widows' and Orphans' Aid Association of the San Francisco Police Department but did not list this sum as an asset of the estate either in the inventory or in her first and final account. Her sister Mrs. Queirolo filed objections to the first and final account, asserting that the insurance fund was an asset of the estate (see Prob. Code, 927). Following a hearing on the objections the court found that this sum had been paid to and received by Mrs. Ruhland as representative of the estate and that her individual claim thereto was without right. The court surcharged her account with the sum of $2,654 and ordered that it be included for distribution. The court also found that $500 was a reasonable fee to be awarded Mrs. Queirolo's attorney for prosecuting the contest on behalf of the estate, the heirs and distributees, and ordered the administratrix to pay that sum from the surcharged fund. Mrs. Ruhland has appealed in her individual capacity contending that the evidence was insufficient to support the finding that the fund belonged to the estate, and as administratrix contending that the order allowing an attorney's fee was beyond the power of the court to make.
 The evidence disclosed the following:
 James E. Reade had been a member of the Widows' and Orphan' Aid Association of the San Francisco Police Department for many years and carried a $3,000 death benefit certificate in the association. In May, 1942, two officers in the association called on Reade at his home in Kentfield for the purpose of having him execute a document designating the *671 beneficiary of his death benefit. Prior to their arrival he had filled in the form, making "Olive Helen Ruhland, as Executrix of my will ..." the beneficiary. When the officers in the association told him that it was not necessary to say "as executrix of my will" in view of his declarations that day that the money was to go to Mrs. Ruhland, Reade refused to strike the phrase and signed the document on May 23d, stating that he was making a will and naming Mrs. Ruhland as executrix. There was no evidence of a subsequent valid will. Reade attempted to make a will on September 30, 1943, but it was denied probate because it was typewritten and not witnessed. Mrs. Ruhland was therein appointed executrix to dispose of decedent's property to the children in equal shares, save one to whom only $100 was bequeathed. The designation of the beneficiary, Mrs. Ruhland "as executrix of my will" remained unchanged. The association authorized payment of $2,654 (the face amount less funeral expenses paid by the association) to "Mrs. Olive Helen Ruhland, as Executrix ... daughter and beneficiary of James E. Reade, deceased." When Mrs. Ruhland collected the sum she signed the receipt "Olive Helen Ruhland, as daughter and Executrix of the will of her father ...," and attached a certified copy of her letters of administration thereto. There was testimony at the hearing on her petition for letters of administration that Mrs. Ruhland had expressly waived any personal right to the fund, but later she contended that she was entitled to it without accounting to the estate.
 [1] The designation of beneficiary, the resolution for payment, and the receipt all contain the phrase "as executrix of my will" following the name of Mrs. Ruhland. The quoted expression obviously means "in the character of executrix," that is, in a representative capacity (4 Words and Phrases, (perm. ed.), p. 289), and is not merely descriptive of the individual (cf. Jenkins v. Jenkins, 112 Cal.App. 402 [297 P. 56]). While there was some evidence to the contrary the foregoing sufficiently supports the trial court's finding and conclusion that Mrs. Ruhland received the fund in a representative capacity.
 [2] Compensation for the services of an attorney must be paid by the person employing him, in the absence of a special agreement, special statutory provision, or exceptional circumstances. The latter exist in certain actions in equity. [3] For example, a plaintiff who has succeeded in protecting, preserving or increasing a fund for the benefit of himself and *672 others may be awarded compensation from the fund for the services of his attorney. This is to compel those for whose benefit the action or proceeding was taken to bear their share of the expenses of the litigation; and this rule is equitable and just. (Winslow v. Harold G. Ferguson Corp., 25 Cal.2d 274 [153 P.2d 714]; Estate of Marre, 18 Cal.2d 191 [114 P.2d 591]; Farmers & Merchants National Bank v. Peterson, 5 Cal.2d 601, 607 [55 P.2d 867]; Miller v. Kehoe, 107 Cal. 340 [40 P. 485]; 14 Am.Jur. 47; see, also, notes 49 A.L.R. 1149, 107 A.L.R. 749.)
 [4] While the probate court has no general equity jurisdiction and its jurisdiction generally is confined to the settlement of the estates of deceased persons, it does have the power to apply equitable principles in aid of its functions as a probate court. (See Security-First National Bank v. Superior Court, 1 Cal.2d 749, 757 [37 P.2d 69], and cases cited.) [5] Here the successful contest by Mrs. Queirolo resulted in charging the administratrix in her first and final account with the additional sum of $2,654 which then became available for distribution. A fund was thus created or preserved for the benefit of all the heirs. Mrs. Queirolo has only a one-seventh interest in the estate. The application of equitable principles would seem to require that the other heirs bear their proportionate share of the expense of the litigation. We therefore conclude that the allowance of a fee for the legal services which thus redounded to the benefit of the estate and all persons interested therein was within the lawful exercise of power by the trial court (see 79 A.L.R. 523, 533), and that the order appealed from should stand. The reasonableness of the fee, if allowable, is conceded.
 The order is affirmed.
 Gibson, C.J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.