[Civ. No. 18600. Second Dist., Div. Two. Nov. 9, 1951.]

Estate of WENDELL PHILLIP LUNDELL, Deceased. ALBERTA G. BENNETT, Respondent, v. SADIE Mc-CORMAC LUNDELL et al., Appellants.

464

George L. Duke and Arthur A. Brooks, Jr. for Appellants.

Sprague & Sparks, Richard W. Sprague and William S. Sprague for Respondent.

McCOMB, J.—This is an appeal from an order awarding the sum of $2,500 to Alberta Grace Burnett, the guardian of Allen Vincent Lundell, a minor, and the chief beneficiary of the estate of Wendell Phillip Lundell, as compensation for her attorneys for successfully contesting an allowance by way of extraordinary attorneys' fees for the executors of the will of decedent.

*Facts:* In December of 1948, the probate court made an award to the attorneys for the executors of the will of decedent in the sum of $12,000 for extraordinary fees. The attorneys for the guardian of the minor Lundell, who is the chief beneficiary of the will of decedent, objected to the petition for the award and to the award. After the order was made they appealed from the order allowing extraordinary attorneys' fees and obtained a reversal of the order on appeal.

Thereafter the court fixed the amount of the extraordinary fees at $6,500, which order is now final. Respondent filed a petition in the probate proceedings for the costs expended in the sum of $197.67 in contesting the award for extraordinary attorneys' fees and asked for the allowance of $2,500 for fees for her attorneys. Objections were made by the executors to the allowance of any attorneys' fees or costs from the assets of the estate. The probate court, however, allowed respondent the amount requested.

*Question: Where, after petition filed by the executors of a will for commissions for extraordinary services and for fees for extraordinary services rendered by their attorney, to which objections are made on behalf of the chief beneficiary under the will of decedent, and an appeal is successfully taken from an order allowing extraordinary fees to the attorney for the executors, may an award payable from the estate for attorney fees be made for the attorney for the beneficiary?*

*Yes.* The probate court may make an allowance of attorneys' fees for services rendered to a party who successfully objects to charges against an estate in an executor's account. Such allowance is predicated upon the equitable rule that fees for legal services rendered in preserving a common fund for the benefit of all heirs or persons interested in an estate are proper charges against such fund. Each beneficiary should

bear his proportionate share of expenses of litigation as a result of which he derives a benefit. (*Estate of Reade,* 31 Cal.2d 669, 671 et seq. [2] [191 P.2d 745].)

In the instant case all the beneficiaries of the estate will benefit from the action of respondent. Hence the foregoing rule is applicable. There is no merit in appellants' contention that the facts in *Estate of Reade* are not analogous, for the reason that in *Estate of Reade* attorney's fees were allowed to an heir for causing the administratrix to include certain assets in her estate accounts which the administratrix claimed as her personal funds, thus increasing the fund for the benefit of the heirs; while in the present case the common fund was not preserved or protected because respondent merely prevented the executors from depleting the funds of the estate by making unauthorized payments therefrom. The important feature is that in both *Estate of Reade, supra,* and the present case the fund was preserved whereby each beneficiary received more than he would otherwise have received because of the services rendered by the attorneys for respondent.

*Estate of Olmstead,* 120 Cal. 447 [52 P. 804], *Estate of Bevelle,* 81 Cal.App.2d 720 [185 P.2d 90], *Estate of Arnold,* 121 Cal.App. 247 [8 P.2d 897], and *Estate of Marre,* 18 Cal.2d 191 [114 P.2d 591], are factually distinguishable from the instant case and are therefore not here applicable.

*Hornaday* v. *Hornaday,* 95 Cal.App.2d 384 [213 P.2d 91], is authority for the general rule that attorneys' fees cannot be awarded to a successful litigant in the absence of a special agreement, special statutory provisions or special circumstances. However the facts of the instant case bring it within the rule of *Estate of Reade* wherein the rule stated above is mentioned as one of the exceptions to the general rule.

*In re Sielckens Estate,* 176 Misc. 235 [26 N.Y.S.2d 901], *Estate of Gratton,* 136 Ore. 224 [298 P. 231, 79 A.L.R. 517], *Westermoreland* v. *Martin,* 24 S.C. 238 and *Rosenberg's Estate,* 147 Misc. 517 [266 N.Y.S. 99], may not be considered for the reason that they are decisions from other jurisdictions which reach a contrary rule to that of our Supreme Court and must therefore be disregarded. (*Estate of Perez,* 98 Cal.App.2d 121, 123 [219 P.2d 35].)

Affirmed.

Moore, P. J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 8, 1952.