[Civ. No. 20555. Second Dist., Div. Three. May 12, 1955.]

Estate of LAURA S. PHELPS, Deceased. COMBS AND HOOSE et al., Appellants, v. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES et al., Respondents.

Combs & Hoose, Lee Combs and Harned Pettus Hoose, in pro. per., for Appellants.

Youngman & Leopold and A. Frederic Leopold for Respondents.

SHINN, P. J.—The appellants Lee Combs and Harned Pettus Hoose are attorneys at law and W. Erland Phelps is a beneficiary of a trust set up in the will of his mother, Laura S. Phelps, which gives him a life estate in one-half the estate of the testatrix. The attorneys filed on behalf of Mr. Phelps a "Petition for allowance of income from estate prior to distribution to trustee, or in the absence of the allowance of said petition for partial distribution to the trustee." It was alleged that Mr. Phelps had been receiving from his mother during her lifetime $500 per month and $200 additional for services, and, inferentially, that he had received nothing from the estate between January, 1953, when his mother died, and October 1953 when he filed a petition captioned as above. It was not alleged that the executors were neglecting their duties in the administration of the estate. Opposition to the petition was filed and after a hearing the court distributed $20,000 to a brother of the petitioner and $20,000 to the trust. Thereafter appellants filed a petition for an allowance of $2,000 as attorneys' fees for services in connection with the above mentioned petition on behalf of Mr. Phelps. The request for attorneys' fees was denied and this appeal follows.

The appellants say in their brief: "The issues to be determined on this appeal are as follows:

"(a) When a will duly admitted to probate provides for the withholding of one-half of the estate in a trust to maintain one of two beneficiaries thereof; when the executors refuse to distribute said estate although the estate is in condition to be distributed and they are able to do so; and when the estate is ready and able to set up the trust and commence the maintenance provisions: is the attorney for the trust beneficiary entitled to compensation from the estate under the provisions

of Section 911 of the Probate Code and under the law, where he by petition duly prepared and heard in court compels the executors to make the distribution to the trustees in order to carry out the maintenance provisions of the trust over their objection and against their will, and where that attorney prepares and obtains the signature of court upon the order of partial distribution to accomplish that purpose and thereby benefits the estate and enhances the corpus?

"(b) Is that attorney entitled to such compensation from the estate as a matter of law where the facts in relation to the matter are uncontradicted and not in issue?"

If it follows from the described services that the attorney "thereby benefits the estate and enhances the corpus" and that his services were made necessary by reason of gross neglect of duty on the part of the executors, we would be inclined to give an affirmative answer to the questions. If the services were rendered at the instance of the trust beneficiary and he alone is benefited the answer should be a negative. Therefore, the question is whether upon the stated facts the services of the attorneys did benefit the estate and enhance the corpus. Admittedly there was no preservation or recovery of assets; the value of the estate of Laura S. Phelps was not enhanced. Appellants in their briefs do not make clear to us in what respect they claim the estate was benefited. They say "Obviously this is a service rendered for the benefit of the estate and we don't believe citation of authority from outside jurisdictions or anywhere else, is necessary to establish this point." We doubt that any such cases can be found. Appellants cite cases from other jurisdictions in support of the rule that where the services of the attorney employed by some of the heirs or legatees are beneficial to the estate as a whole, the court may, if the facts justify it, allow out of the estate a reasonable fee for such services. They might have cited *Estate of Reade*, 31 Cal.2d 669 [191 P.2d 745], in which it was said in sustaining an allowance for attorney's fees: "Compensation for the services of an attorney must be paid by the person employing him, in the absence of a special agreement, special statutory provision, or exceptional circumstances. The latter exist in certain actions in equity. For example, a plaintiff who has succeeded in protecting, preserving or increasing a fund for the benefit of himself and others may be awarded compensation from the fund for the services of his attorney. This is to compel those for whose benefit the action

or proceeding was taken to bear their share of the expenses of the litigation; and this rule is equitable and just. (*Winslow* v. *Harold G. Ferguson Corp.*, 25 Cal.2d 274 [153 P.2d 714]; *Estate of Marre*, 18 Cal.2d 191 [114 P.2d 591]; *Farmers & Merchants Nat. Bank* v. *Peterson*, 5 Cal.2d 601, 607 [55 P.2d 867]; *Miller* v. *Kehoe*, 107 Cal. 340 [40 P. 485]; 14 Am. Jur. 47; see, also, notes 49 A.L.R. 1149, 107 A.L.R. 749.)''

We agree with the statement of the Supreme Court of Michigan in *Becht* v. *Miller*, 279 Mich. 629 [273 N.W. 294]: ''A doctrine which permits a decedent's estate to be so charged, should, however, in our opinion, be applied with caution and its operation limited to those cases in which the services performed have not only been distinctly beneficial to the estate, but became necessary either by reason of laches, negligence, or fraud of the legal representative of the estate.'' So even if the services of appellants had been of some benefit to the estate their uninvited intervention for the sole purpose of speeding up the administration would not have entitled them to be compensated from estate funds. Interested parties may petition for a partial distribution (Prob. Code, § 1000), and an executor or administrator who is carrying on the administration in a normal course is not guilty of neglect of duty in failing to petition promptly for partial distribution to every interested person who may be entitled to it. And, of course, where such person petitions solely in his own interest he must pay his own attorneys. Compensation from estate funds is allowed for necessary services in preserving or enhancing assets of an estate, not for taking money out of it.

Appellants, of course, have the burden of showing that the order appealed from was erroneous. They have failed to bring themselves within any rule which would have justified the trial court in granting their petition. Where an appellant has failed to show that the trial court was wrong it is not incumbent upon a reviewing court to engage in a dissertation upon the law for the purpose of demonstrating that the court was right. However, anyone wishing to read law on the subject will find support for the action of the trial court in *Estate of Marre*, 18 Cal.2d 191 [144 P.2d 591], *In re Stuttmeister*, 75 Cal. 346 [17 P. 223], *Estate of Feldman*, 78 Cal.App.2d 778 [178 P.2d 498], and in annotations found in 79 American Law Reports 521 and 142 American Law Reports 1459. These authorities are cited by the respondent but are ignored in the reply brief of the appellants. (See also *Estate of Witting*, 130 Cal.App.2d 521 [279 P.2d 180].)

Appellants claim to find in section 911 of the Probate Code[1] authority for the allowance of attorney's fees under the equitable rule stated in *Estate of Reade, supra.* They are mistaken. The section relates only to procedure for the payment of compensation already earned for services rendered to an executor or administrator.

The order is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

---

[1] "Any attorney who has rendered services to an executor or administrator, at any time after six months from the issuance of letters testamentary or of administration, and upon such notice to the executor or administrator and to the persons interested in the estate as the court or judge thereof shall require, may apply to the court for an allowance upon his fees; and on the hearing the court shall make an order requiring the executor or administrator to pay such attorney out of the estate such compensation, on account of services rendered up to that time, as the court shall deem proper, and such payment shall be made forthwith."