[Civ. No. 22948. First Dist., Div. Three. Sept. 26, 1966.]

Estate of PAUL ROSCELLI, Deceased. LENA MAHAN, as Administratrix, etc., Petitioner and Respondent, v. JOHN GHIORSO et al., Objectors and Appellants.

J. Treadwell Boynton and Philander Brooks Beadle for Objectors and Appellants.

Panelli & Agliano and Nat A. Agliano for Petitioner and Respondent.

SALSMAN, J.—This is an appeal from a decree settling the final account and approving the report of Lena Mahan, administratrix of the estate of Paul Roscelli and ordering distribution of the estate property. Appellants contend the probate court erred in two respects, first, in computing the statutory

fees of the administratrix upon the gross value of the estate, rather than upon gross value less certain liens upon decedent's real estate, and second, in denying appellants' petition for an allowance of attorneys' fees. We find no merit in either contention, and therefore affirm the decree and order of the probate court.

Paul Roscelli owned 33 acres of land in Santa Cruz County. In 1958 the superior court of that county appointed Mary Roscelli conservator of Paul's estate. In August 1962 Mary made claim against the estate for $29,382.70 for services rendered. She asked the court that this sum be fixed and imposed as a lien upon Paul's property. Appellants, who are 6 of 14 heirs of Paul, objected. A hearing was had upon Mary's claim, in which appellants and their attorneys participated. We do not have in our record a copy of the order made by the court pursuant to Mary's petition, but appellants allege in their petition for attorneys' fees filed in the probate court, that the Superior Court of Santa Cruz County "declined to then impose a lien upon conservatee's real estate," and ordered Mary to file an accounting.

Paul Roscelli died in June 1963. Probate proceedings were begun in Monterey County. Respondent Lena Mahan was appointed administratrix of Paul's estate.

Mary Roscelli, conservator of Paul's estate, died in October 1963. Emilia Haven was appointed executrix of her estate.

In December 1963 respondent Lena Mahan, administratrix of Paul's estate, sold his real property for the sum of $41,000. Her sale was reported to the probate court in Monterey County and was duly confirmed.

In September 1964 Emilia Haven, as executrix of the estate of Mary, filed a final account on behalf of Mary in the conservatorship proceedings, together with a petition for fees and costs and a request that the sum of $36,585 be declared a lien upon Paul's property. Appellants and their attorneys again objected, as they had objected to the original claim filed by Mary. After a hearing, the Superior Court of Santa Cruz County found that the sum of $18,839.21 was due the estate of Mary, and imposed this amount (together with certain other claims made against Paul's estate) as a lien upon Paul's real property. The court's settlement of Emilia Haven's account filed on behalf of Mary, and the allowance (in part at least) of Mary's claim, appears to have terminated the conservatorship proceedings.

Appellants did not ask the Superior Court of Santa Cruz

County to award them any compensation for the services of their attorneys in resisting the claim presented by Mary as conservator, and later urged by Mary's executrix.

When respondent Lena Mahan, as administratrix of the estate of Paul Roscelli, filed her final account and petition for distribution, appellants filed a petition with the probate court in Monterey County asking that fees be fixed and allowed to their attorneys for services rendered in resisting Mary's claim in the conservatorship proceedings. Appellants also filed objections to respondent's account and report. These objections were directed to the computation of fees to be allowed to respondent and her attorneys. The probate court held a hearing on appellants' petition and upon the objections to respondent's account. After a lengthy discussion of the matter, the probate judge denied appellants' petition for fees and overruled the objections to respondent's report and account.

█ Appellants first argue that the probate court did not properly compute the commissions due respondent as administratrix and carried this error forward in its allowance of attorneys' fees to respondent's attorneys (Prob. Code, §§ 901, 910.) As we have seen, respondent sold Paul's real property in the course of probate, and received $41,000 in cash for it. The probate court computed commissions and fees upon this amount. Later, the Superior Court of Santa Cruz County allowed Mary's claim (and certain other claims), and impressed a lien upon Paul's property for the amounts allowed. Appellants contend, therefore, that respondent's commissions and the fees of her attorneys should have been computed upon the gross value of Paul's estate, less the amount of liens allowed in the conservatorship proceedings, rather than upon the amount received by respondent upon sale of Paul's property. Appellants cite and rely upon *Estate of Lampman*, 15 Cal.2d 212 [100 P.2d 488].

In *Estate of Lampman* the decedent owned an apartment house appraised at $42,500. It was subject to a deed of trust in the sum of $38,000. The property was sold during the course of administration for $47,500. The purchaser assumed the existing encumbrance against the property which at time of sale amounted to $35,000. The court held in that case that the commissions of the executrix and the fees of her attorney were properly computed and fixed upon the difference between the sale price and the amount of the encumbrance against the property. The court pointed out (p. 215) that the basis for the

computation of commissions due an executrix is the amount of the estate "accounted for" (*Estate of Straus,* 144 Cal. 553, 556 [77 P. 1122]; Prob. Code, § 901) and that the executrix was not accountable for the amount of the deed of trust against the decedent's property, since the indebtedness existed at the time the decedent bought the property and was in turn assumed by the purchaser. Thus only decedent's equity in the property was "accounted for" by the executrix within the meaning of Probate Code section 901.

But the rule of *Estate of Lampman* is not applicable here. In our case, respondent administratrix has received the full purchase price of $41,000. She properly charged herself with that amount, and in turn has "accounted for" all of it in strict compliance with her duties as administratrix. It is true that certain liens were impressed upon the funds while they were in her possession. In order to discharge these debts, respondent petitioned the probate court for authority to withdraw funds and pay each of the liens. She received the court's permission and made payment as directed. It is abundantly clear therefore that respondent has received and "accounted for" the entire $41,000 and hence both she and her attorneys are entitled to commissions and fees on the full amount of the funds passing through her hands.[1]

 Appellants next contend that the probate court should have allowed fees to their attorneys for services rendered in the conservatorship proceedings. They point out that the claim of Mary as conservator was in the sum of $36,585; that they opposed the claim, and that the amount ultimately allowed by the court was only $18,839.21. This, they argue, demonstrates the value of their services, shows that they preserved the estate of the conservatee, and entitles them to compensation under the rule of *Estate of Reade,* 31 Cal.2d 669 [191 P.2d 745].

In *Estate of Reade, supra,* the administratrix failed to account for certain death benefits coming into her hands. An interested party objected and at the hearing established that

---

[1]The rule of *Estate of Lampman* has been abrogated by the 1965 amendment to Probate Code section 901. The amendment provides: "The commission to which the executor or administrator is entitled pursuant to this section shall be based upon the total amount of the inventory plus gains over appraisal value on sales, plus receipts, less losses on sales, without reference to encumbrances or other obligations on property in the estate, if any. This paragraph shall apply whether or not a sale of property has taken place during the probate of the estate." The order here appealed from, however, was made before the effective date of the amendment to section 901 and the amendment has no application to the facts of our case.

$2,654 had been received and not accounted for by the administratrix. The probate court surcharged the account of the administratrix in this amount, and awarded attorney's fees for the objector. The Supreme Court affirmed, saying: ". . . a plaintiff who has succeeded in protecting, preserving or increasing a fund for the benefit of himself and others may be awarded compensation from the fund for the services of his attorney. This is to compel those for whose benefit the action or proceeding was taken to bear their share of the expenses of the litigation; and this rule is equitable and just." (*Id.* at 671-2.)

The principle of *Estate of Reade, supra,* while well recognized and fully accepted, is not controlling here.

We do not have in our record a copy of the claim Mary presented against the estate of her conservatee, nor do we have a copy of appellants' objections to that claim. The Superior Court of Santa Cruz County ultimately found that the proper amount of Mary's claim was much less than the amount originally demanded. But we do not know whether the reduction made was the result of services of appellants' attorneys, or of evidence not produced by them, or resulted from the court's independent examination of the claim. As pointed out in *Estate of Gopcevic,* 228 Cal.App.2d 280, 282 [39 Cal.Rptr. 482], it is a claimant's burden to show that his intervention effected a reduction in a claim against the estate, and that in the absence of his services the disputed claim would have been allowed in a greater amount than the amount ultimately determined. No such showing has been made here. The allegations of appellants' petition for fees were sufficiently denied by respondent so as to put appellants to the proof of the value of the services rendered. No evidence whatever was produced by appellants. They relied entirely upon the allegations of their petition, their oral argument and the citation of authority. Under these circumstances it was entirely proper for the probate court to deny the prayer of their petition.

The order and decree of settlement is affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied October 26, 1966, and appellants' petition for a hearing by the Supreme Court was denied November 23, 1966.