[Civ. No. 55787. Second Dist., Div. Three. Aug. 29, 1980.]

JACKIE O. LINDSEY, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

934

COUNSEL

Herbert Murez for Plaintiff and Appellant.

John H. Larson, County Counsel and Gary N. Miller, Deputy County Counsel, for Defendant and Respondent.

OPINION

GALE, J.*—Appellant, Jackie O. Lindsey (Lindsey), appeals from a judgment against him and in favor of respondent, County of Los Angeles (County), which was entered after the trial of a "declaratory relief" action brought by Lindsey.

FACTS

Lindsey filed a complaint against the County seeking declaratory relief. By stipulation all the allegations of the complaint were admitted except paragraph 12, which set forth Lindsey's contentions.

The admitted portions of the complaint set forth: that Lindsey was injured in an automobile accident and needed care and treatment by reason of his injuries; that County provided the care and rendered a statement of account therefore in the sum of $27,688.79; that Lindsey commenced legal action against the third party who injured him, incurred the expense of the litigation and that County did not participate in the litigation; that there was never any source, funds or means of payment on the part of Lindsey for the costs and charges of the County except his cause of action against the third party and the proceeds therefrom; that recovery was had by settlement with the third party; that the County claimed a lien in the full amount of $27,688.79.[1]

Lindsey sought an adjudication that he had created the fund and justice and equity required the County to bear a portion of the total costs and expense of the litigation, including attorney fees.

---

*Assigned by the Chairperson of the Judicial Council.

[1]In payment of the settlement the third party gave two checks to Lindsey's attorney one of which was in the sum of $27,688.79 payable to the County and counsel for Lindsey.

Judgment was entered that Lindsey "take nothing" by reason of his complaint and that the County have judgment against him in the sum of $27,688.79 plus interest. Findings of fact and conclusions of law were made. The court concluded that Government Code section 23004 allowed the County to recover by way of lien in a third party action; that the section did not allow for attorney fees to Lindsey; that the common fund rationale for attorney fees was not applicable and Lindsey's claim for attorney fees was without merit.

## CONTENTIONS

Lindsey contends that under the common fund doctrine, the County should pay a proportionate share of the attorney fees from the sum of $27,688.79, which the County would receive from the settlement. The County contends that the common fund doctrine is not applicable and that the County is entitled to recover the whole sum of $27,688.79 by reason of the lien it has upon Lindsey's recovery, which arises from Government Code section 23004.

Lindsey further contends that he is entitled to a full declaration of his rights in the judgment; not just that he "take nothing" by reason of his complaint.

## SUMMARY

The common fund doctrine is not applicable in the present matter. Lindsey's position is that of a debtor and the County's is that of a creditor. By reason of such debtor-creditor relationship, the County is entitled to recover the full sum of its lien without contribution or apportionment for attorney fees. Judgment was proper in both form and content.

### 1. *Lindsey is Not Entitled to Apportionment of Attorney Fees.*

The cases out of which the common fund doctrine originated each involved three common elements: (1) without the litigation there would have been no recovery; (2) the recovery was an available fund out of which the beneficiaries of the litigation would be paid; and (3) the applicant seeking contribution in respect to costs and attorney fees was the sole "active litigant" and as such obtained the recovery that provided the fund. (*Glendale City Employees' Assn., Inc. v. City of Glendale* (1975) 15 Cal.3d 328, 341, fn. 19 [124 Cal.Rptr. 513, 540

P.2d 609]; *Estate of Stauffer* (1959) 53 Cal.2d 124, 132 [346 P.2d 748]; *Estate of Reade* (1948) 31 Cal.2d 669, 671-672 [191 P.2d 745]; *Estate of Kann* (1967) 253 Cal.App.2d 212, 223 [61 Cal.Rptr. 122].)

Attorney fees were allowed the "active litigant" in such matters so as "to compel those for whose benefit the action or proceeding was taken to bear their share of the expenses of the litigation..." (*Estate of Reade, supra*, 31 Cal.2d at p. 672; *Winslow* v. *Harold G. Ferguson Corp.* (1944) 25 Cal.2d 274, 277 [153 P.2d 714]), thus preventing an unfair advantage by the others who were entitled to share in the fund. Such allowance of attorney fees also afforded an encouragement for the attorney for the successful litigant so that he would therefore be more willing to undertake and diligently prosecute the litigation to a successful termination. (*Estate of Stauffer, supra*, 53 Cal.2d at p. 132.)

The theory of the common fund doctrine was extended to third-party suits as "equitable apportionment." In *Quinn* v. *State of California* (1975) 15 Cal.3d 162, 166-167 [124 Cal.Rptr. 1, 539 P.2d 761], an injured worker sued and recovered a judgment from a negligent third party; from this judgment the employer recouped the amount he had paid the employee in compensation benefits. The court held that the employee's attorney was entitled to a reasonable attorney's fee from the employer based upon the services rendered in recouping the amount the employer had paid in compensation benefits. The court predicated its holding "upon the equitable principle of apportionment long applied by the courts and upon the Legislature's incorporation of such principle into section 3856...." of the Labor Code. (*Quinn* v. *State of California, supra*, at p. 166.)

Similar recovery for attorney fees under the provision of section 3856 of the Labor Code has been provided for when the employee was the active litigant and the employer was the passive beneficiary. (See *Kaplan* v. *Industrial Indemnity Co.* (1978) 79 Cal.App.3d 700, 712-713 [145 Cal.Rptr. 219].)

The doctrine of equitable apportionment of attorney fees has extended to third-party suits where medical treatment has been given in respect to a work-related injury (*Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd. (California School for the Deaf)* (1978) 83 Cal.App.3d 413, 417-418 [148 Cal.Rptr. 54], and *Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd. (Brennan)* (1979) 91 Cal. App.3d 493 [154 Cal.Rptr. 760]) and to a nonwork related injury

where the right of subrogation exists. (*Lee* v. *State Farm Mut. Auto. Ins. Co.* (1976) 57 Cal.App.3d 458, 469 [129 Cal.Rptr. 271].)

■ The present case has distinctive differences from each of the previously cited cases. Health and Safety Code section 1473[2] makes the patient liable to the County for the reasonable value of the medical care and treatment furnished. Government Code section 23004.1[3] provides that the County shall have a right to recover from third persons the reasonable value of the care and treatment furnished and in the event the injured party or his representatives brings an action for damages against the third person who is liable for the injuries, the County's right of action abates during the pendency of such action and continues as a lien against any judgment recovered.

In the present matter a debtor-creditor relationship exists between Lindsey and the County; Lindsey was primarily liable to the County for the sum of $27,688.79. Such a relationship did not exist in any of the cases arising either under the common fund doctrine or the equitable contribution theory.

In the common fund cases, the applicant for attorney fees and the parties from whom fees were sought were similarly situated with mutual interests in and mutual rights to proceed and recover the sums representing the fund which they shared. In the equitable contribution cases, the "passive beneficiary" did not have a remedy against the "active litigant." The most they had was a lien that was confined to any recovery that the "active litigant" had against a third party.

---

[2]Section 1473 of the Health and Safety Code provides in pertinent part: "The board of supervisors in each county may fix the rates to be charged patients admitted to any county hospital and may direct any county officer to collect the amounts due the county for hospitalization and medical care...."

[3]Section 23004.1 of the Government Code provides in pertinent part: "(a)...in any case in which the county is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment,...to a person who is injured or suffers a disease, under circumstances creating a tort liability upon some third person to pay damages therefor, the county shall have a right to recover from said third person the reasonable value of the care and treatment so furnished....

"(b).... In the event that the injured person, his guardian, personal representative, estate, survivors, or either of them brings an action for damages against the third person who is liable for the injury or disease, the county's right of action shall abate during the pendency of such action, and continue as a first lien against any judgment recovered by the injured or diseased person...."

*Quinn* v. *State of California, supra,* 15 Cal.3d at pages 168-169, footnote 10, noted the limitation in respect to the debtor-creditor relationship stating, "We would dispel in passing a confusion engendered by the defendant's characterization of himself as a mere lien creditor. While the statute uses this term to describe the employer's rights in any actual recovery by the worker, the words 'lien creditor' are misleading, for unlike the usual lien creditor, the employer's rights here depend entirely upon the worker's *success* in his third-party suit. Should he lose, the 'lien' evaporates. . . ." (Original italics.)

The reason for apportionment of attorney fees that exists under the common fund theory does not exist in the matter at bench as there is no taking advantage of the active litigant as existed in the common fund cases. (*Estate of Stauffer, supra,* 53 Cal.2d 124, 132; *Estate of Reade, supra,* 31 Cal.2d 669, 671-672; *Winslow* v. *Harold G. Ferguson Corp., supra,* 25 Cal.2d 274, 283-286.) In the present matter the "active litigant" was directly liable to the County and that liability existed irrespective of the success of the third-party suit. Further, in the present case the County had a right to go directly against the third party to recover the costs of Lindsey's medical care, except that the right abated and a lien was substituted when Lindsey proceeded against the third party as an active litigant. (Gov. Code, § 23004.1, subd. (b).)

The obligation for which the County had a lien was a debt owed by Lindsey to the County and was payable without reduction for attorney fees. Lindsey was fortunate in that he recovered the sum he owed from the third party and thus relieved himself of the obligation. The obligation from which Lindsey was relieved was one that could have been satisfied out of property which Lindsey acquired after the obligation against him accrued. (Welf. & Inst. Code, § 17403.)

Lindsey cites *Neil D. Reid, Inc.* v. *Department of Health Care Services* (1976) 55 Cal.App.3d 418, in support of his position in respect to apportionment of attorney fees. The *Neil D. Reid* matter did not involve a common fund theory; the apportionment of attorney fees was made by reason of Welfare and Institutions Code section 14117 which provided that the lien may be enforced "in the same manner, with the same rights and authority. . . and to the same extent provided in Chapter 5 (commencing with Section 3850), Part 1, Division 4 of the Labor Code. . . ." Thus the statutory provisions for apportionment of attorney fees provided for in section 3856 of the Labor Code applied. Such statutory provisions do not apply to the matter at bench.

## 2. *The Form of the Judgment Adopted by the Trial Court Was Proper.*

■ Lindsey contends that the judgment is improper in the instant matter in that it should "expressly declare the parties' rights" instead of the provision that "Plaintiff...take nothing by reason of his complaint filed herein." Both the claim of Lindsey and the claim of the County were matured claims. The fact that Lindsey's counsel chose to have his name placed on the check in the sum of $27,688.79 as payee, along with the name of the County, does not change the fact that the contended right to contribution had either matured or did not exist.

At the time the instant matter was filed, Lindsey had acknowledged the County's lien but claimed a right to offset a part of his attorney's fees. The County had denied such right. "'[D]eclaratory procedure operates prospectively, and not merely for the redress of past wrongs.'" (*Watson* v. *Sansone* (1971) 19 Cal.App.3d 1, 3 [96 Cal.Rptr. 387], quoting *Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 848 [92 Cal.Rptr. 179, 479 P.2d 379].) At the time of the judgment, the result of an adjudication contrary to Lindsey's claim was that he was liable to the County for the full amount of its lien claim. The judgment effectively so declared by giving the County judgment for such amount.

The judgment is affirmed.

Klein, P. J., and Potter, J., concurred.

A petition for a rehearing was denied September 19, 1980.