Eddie GILLENS and Robinn Love,
Plaintiffs-Appellees,

v.

COLORADO DEPARTMENT OF
SOCIAL SERVICES,
Defendant-Appellant.

No. 81CA0196.

Colorado Court of Appeals,
Div. II.

April 1, 1982.

Michael J. Steiner, Linda J. Olson, Denver, for plaintiffs-appellees.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Eva Camacho Woodard, Asst. Atty. Gen., Denver, for defendant-appellant.

VAN CISE, Judge.

This lawsuit was brought under § 24–4–106(4), C.R.S.1973, for judicial review of the order of defendant, the Colorado Department of Social Services (the state department), approving the action of the county department in obtaining from plaintiffs, Eddie Gillens and Robinn Love (the applicants), reimbursement of interim assistance payments made to Gillens and Love under the state's Aid to the Needy and Disabled Program (AND) pending awards of federal Supplemental Security Income (SSI) benefits. The district court reversed the state department. We reverse the district court.

■ In their district court action, the applicants proceeded without a transcript of the testimony taken at the agency hearing. Therefore, we must assume that the hearing officer's findings of fact, other than those based on exhibits in the record or based on admissions of the parties, are supported by the evidence. *Furer v. Allied Steel Co.*, 174 Colo. 171, 483 P.2d 212 (1971); *White v. Jackson*, 41 Colo.App. 433, 586 P.2d 243 (1978).

From the exhibits and admissions in the record, and the hearing officer's evidentiary findings of fact, it appears that in March 1976, Love applied to the county department for state AND benefits pursuant to § 26–2–111(4), C.R.S.1973 (see 1981 Cum. Supp.). In March 1978, Gillens made a similar application. As part of the AND application procedure, both applicants signed a form entitled "Authorization of Refund of Interim Assistance." In this form, each stated that, should he later be granted SSI by the federal Social Security Administration, he would allow the county department to deduct from his initial SSI lump sum retroactive benefit payment all of the interim state AND benefits paid to him while his federal SSI claim was pending. Each applicant voluntarily signed the form, and his signature was not obtained as a result of any duress or coercion by the county department.

Both applicants were found eligible for and were paid AND benefits as interim assistance. Also, both applied for and, in 1979, were approved for and were awarded SSI benefits.

Pursuant to the authorizations, the Social Security Administration paid to the county department the first SSI payment for each. In each instance, the county department deducted therefrom the amount of state AND interim assistance which had previously been paid, and the balance was disbursed to the applicant.

The applicants objected to anything having been withheld, and appealed this to the state department. After an evidentiary hearing before a hearing officer, an order was entered in 1980 affirming the withholding.

The applicants then commenced this action for review in the district court. In 1981, that court reversed the agency decision and ordered the state department to pay Love $6,113.50 and Gillens $1,426, the amounts previously withheld from their first SSI benefit checks. Contending that the district court erred by entering these orders, the state department has appealed.

I.

■ On appeal, the applicants contend, and the trial court agreed, that the authorization constituted a contract and that it was breached by the department's having failed to provide them with prompt payment of the AND benefits to which they were entitled. We do not agree.

Pursuant to 42 U.S.C. § 1383(g)(1) and § 26–2–206, C.R.S.1973, the state had entered into an agreement with the federal Social Security Administration which provided that the initial lump sum retroactive benefit payment for newly eligible SSI recipients, with their individual approval,

would be sent to the appropriate county department. This was to be done so that any AND interim assistance payments which had been advanced during the interim period in which the SSI application was being processed could be recovered to the extent that the SSI payment resulted in a duplication of assistance payments made during the same interim period.

The state department regulations in effect at the time of these applications required that the state secure from SSI recipients a refund of these duplicate interim assistance payments. The regulations further specified that, in the event the applicant should refuse to sign the authorization, assistance would still be provided if he were eligible, but he was to be informed that recovery action would be taken concerning the duplicated assistance payments.

Thus, in effect, the AND benefits were a loan from the state, repayable when and if the applicant received SSI. *Moore v. Colautti*, 483 F.Supp. 357 (E.D.Pa.1979). The authorization form simply provided a convenient and painless method of repaying the loan on receipt of the SSI funds. Here, the forms were signed voluntarily; therefore, the applicants are in no position to complain.

Even if the authorization form were to be viewed as a contract because of a statement therein that the "authorization is in consideration of the prompt payment of State and/or county interim assistance," there was no breach. As found by the hearing officer, Gillens' AND application was approved within the sixty day prompt processing standards in the department regulation, and he was paid promptly thereafter. Love's application was disapproved within approximately sixty days after it was submitted. When he submitted his appeal, based on additional medical information, it was processed and his application was then approved within approximately six weeks. Thereafter, he was promptly paid the AND to which he was entitled, with an appropriate retroactive payment.

II.

Relying mainly on *Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the applicants also assert that recovery of the interim payments without prior notice and an opportunity for a prior hearing violated their due process rights. We disagree.

Here, the applicants did not suffer any deprivation. They were merely being required to return to the state what would have been, absent the return, a duplicate payment. They both voluntarily signed the form which authorized the procedure which was followed. In the form they were advised that, in the event of disagreement, they had "the right to hearing from the State with respect to such apportionment and reimbursement of such first SSI payment." A second notice was sent in the form of a notice of decision from the Social Security Administration when, prior to payment by it, they were informed that their SSI application had been approved and that the county department would deduct all interim assistance from the initial SSI payment. After the money was received by the county department, each applicant was sent a recovery statement showing the amount retained and the amount being disbursed to him from the first check. Also, each was given a hearing on appeal to the state department and, in the agency decision, was advised of his further rights to judicial review.

Balancing the factors enunciated in *Matthews v. Eldridge, supra*, we conclude that the applicants were afforded due process.

The judgment is reversed and the cause is remanded with directions to dismiss the complaint.

KELLY and TURSI, JJ., concur.