[Civ. No. 6170. Fifth Dist. Mar. 29, 1983.]

BOBBY J. NEAL, Plaintiff and Appellant, v.
COUNTY OF STANISLAUS, Defendant and Respondent.

**COUNSEL**

Bobby J. Neal, in pro. per., for Plaintiff and Appellant.

Gilbert W. Boyne, County Counsel, and Harry P. Drabkin, Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**WOOLPERT, J.**—Plaintiff is an attorney who has successfully obtained awards of social security supplemental security income (SSI) benefits for several clients. Pending the awards, the clients had been extended interim assistance by the defendant Stanislaus County (County). Because his work resulted in the County being fully reimbursed the amounts advanced, plaintiff brought this action to compel the County to share his attorney fees. He appeals from a judgment denying the relief sought.

Plaintiff was retained to represent four SSI benefit claimants in separate administrative hearings. Each client had signed a contingency fee agreement with plaintiff, agreeing to pay 25 percent of the past-due benefits if the benefits were obtained.

Pending receipt of the claimed SSI benefits, defendant had supplied each of the applicants with interim assistance payments. This interim assistance program was established pursuant to contracts between the Department of Health, Education and Welfare, the State Department of Benefit Payments, and Stanislaus County. The Social Security Act authorizes the withholding of benefits due upon agreement with the individual applicant, for the purpose of reimbursing the state or county for interim assistance furnished to meet an eligible applicant's basic needs after he or she has applied for benefits but has not yet received the initial payment. (42 U.S.C. § 1383(g).)[1]

Under the contract between the state and defendant, defendant is required to have each recipient of interim assistance payments sign a written agreement providing, inter alia,

"1. That in consideration of the payment of interim assistance by the County, the amount or part of such individual's initial payment will be retained by the County for the purposes of reimbursing such interim assistance.

---

[1]We quote the relevant portions of 42 United States Code, section 1383: "(g)(1) Notwithstanding subsection (d)(1) of this section and subsection (b) of this section as it relates to the payment of less than the correct amount of benefits, the Secretary may, upon written authorization by an individual, withhold benefits due with respect to that individual and may pay to a State (or a political subdivision thereof if agreed to by the Secretary and the State) from the benefits withheld an amount sufficient to reimburse the State (or political subdivision) for interim assistance furnished on behalf of the individual by the State (or political subdivision).

"(2) For purposes of this subsection, the term 'benefits' with respect to any individual means supplemental security income benefits under this subchapter, and any State supplementary payments under section 1382e of this title or under section 212 of Public Law 93-66 which the Secretary makes on behalf of a State (or political subdivision thereof), that the Secretary has determined to be due with respect to the individual at the time the Secretary makes the first payment of benefits. A cash advance made pursuant to subsection (a)(4)(A) of this section shall not be considered as the first payment of benefits for purposes of the preceding sentence.

"(3) For purposes of this subsection, the term 'interim assistance' with respect to any individual means assistance financed from State or local funds and furnished for meeting basic needs during the period, beginning with the month in which the individual filed an application for benefits (as defined in paragraph (2)), for which he was eligible for such benefits.

"(4) In order for a State to receive reimbursement under the provisions of paragraph (1), the State shall have in effect an agreement with the Secretary which shall provide—

"(A) that if the Secretary makes payment to the State (or a political subdivision of the State as provided for under the agreement) in reimbursement for interim assistance (as defined in paragraph (3)) for any individual in an amount greater than the reimbursable amount authorized by paragraph (1), the State (or political subdivision) shall pay to the individual the balance of such payment in excess of the reimbursable amount as expeditiously as possible, but in any event within ten working days or a shorter period specified in the agreement; and

"(B) that the State will comply with such other rules as the Secretary finds necessary to achieve efficient and effective administration of this subsection and to carry out the purposes of the program established by this subchapter, including protection of hearing rights for any individual aggrieved by action taken by the State (or political subdivision) pursuant to this subsection."

"2. That after deducting the amount of such reimbursement from the initial payment, the County shall pay any balance to such individual within 10 working days after receipt by the County."

Thus, when defendant receives an applicant's initial SSI payment, it deducts the full amount of interim assistance paid to the applicant and sends him or her the balance of the payment. If the applicant is found ineligible to receive SSI benefits, defendant is not reimbursed for payments made.

Plaintiff requested the administrative law judge of the Social Security Administration Bureau of Hearings and Appeals to approve attorney fees only from that reduced amount received by his clients. Explaining his failure to request a percentage of the amount which defendant recouped, he stated, "To have asked the Administrative Law Judge to approve attorney fees on the amounts taken out by Stanislaus County would have been a futile gesture." Accordingly, the administrative law judge only authorized attorney fees of 25 percent of the amount received by plaintiff's clients after defendant's reimbursement, payable by the client.

This appeal does not directly address the need for counsel to represent SSI benefit claimants. Likewise, the appropriateness of the fee arrangement is not an issue.

In this case we assume (1) the fee contracts were appropriate and (2) as a result of the judgment below, plaintiff may receive less than a reasonable fee for the services rendered. Our sole issue is whether in the absence of an express agreement the defendant County must pay private counsel for legal work which resulted in reimbursement of previously advanced county funds.

Plaintiff argues the past-due benefits awarded each of his clients constituted a "common fund" from which defendant was paid as a passive beneficiary of plaintiff's efforts on behalf of his clients. Thus, to avoid unjustly enriching defendant, he contends defendant should pay him 25 percent of the amount which defendant recovered, as plaintiff's clients paid 25 percent of the amount they received after defendant deducted its recovery. He asserts that if his clients had been made to pay him 25 percent of the total amount of past-due benefits awarded, their recoveries would have been "essentially consumed" by the reimbursement to the County and attorney fees. Finally, he contends that since he recovered less than 25 percent of the total amount of SSI benefits, the "loss" of attorney fees would discourage him from taking similar cases in the future.

Defendant counters that the common fund doctrine does not apply in this case because the payment of interim assistance funds to plaintiff's clients was condi-

tioned on the clients' pursuit of SSI benefits and on reimbursement of those funds when the benefits were received. Furthermore, under the federal statutory procedures for payment of SSI benefits and reimbursement of defendant, only the claimants, plaintiff's clients, could institute actions to create the alleged common fund, and would therefore necessarily be the only active party.

The common fund exception to the general rule regarding attorney fees has been applied in cases where efforts of a party, the "active litigant," preserved or recovered funds from which others, "the passive beneficiaries," benefited. (*Serrano* v. *Priest* (1977) 20 Cal.3d 25, 35 [141 Cal.Rptr. 315, 569 P.2d 1303]; *Glendale City Employees' Assn., Inc.* v. *City of Glendale* (1975) 15 Cal.3d 328, 341, fn. 19 [124 Cal.Rptr. 513, 540 P.2d 609].) Underlying concepts supporting this doctrine are: ". . . fairness to the successful litigant, who might otherwise receive no benefit because his recovery might be consumed by the expenses; correlative prevention of an unfair advantage to the others who are entitled to share in the fund and who should bear their share of the burden of its recovery; encouragement of the attorney for the successful litigant, who will be more willing to undertake and diligently prosecute proper litigation for the protection or recovery of the fund if he is assured that he will be promptly and directly compensated should his efforts be successful." (*Estate of Stauffer* (1959) 53 Cal.2d 124, 132 [346 P.2d 748].)

The common fund rationale arose in a variety of situations in which fairness made the sharing of attorney fees most appropriate, and in some cases statutes supported the result. We mention this only to acknowledge that simple fairness might apply to these facts. However, we conclude that the interim assistance program created a debtor-creditor relationship which removed it from a common fund sharing of attorney fees.

Unlike an employer or insurance carrier, defendant did not have a prior contractual or legal obligation to provide this assistance to plaintiff's clients. Nor was defendant one of several parties with a common cause of action, taking unfair advantage of the others' active role in litigation. Instead, defendant advanced county funds to plaintiff's clients on the condition that they would claim SSI benefits and reimburse defendant upon receipt of those benefits.

In *Lindsey* v. *County of Los Angeles* (1980) 109 Cal.App.3d 933 [167 Cal.Rptr. 527], a plaintiff injured in an auto accident received medical services from the county; the county was authorized by statute to collect the amounts due from patients for medical care. The plaintiff recovered the expenses in a settlement with a third party. However, the county was entitled to collect the full sum of its lien without contribution or apportionment for attorney fees. (109 Cal.App.3d at p. 936.)

There are differences between the debtor-creditor relationship in *Lindsey* and the relationship between defendant and plaintiff's clients in the instant case. For instance, plaintiff's clients would not be liable to defendant regardless of the success of their benefit claims against the federal government. Nevertheless, the analogy to the debtor-creditor relationship is appropriate.

The mere fact that defendant benefits from plaintiff's efforts does not in itself entitle plaintiff to fees from defendant. In *County of Tulare* v. *City of Dinuba* (1928) 205 Cal. 111, 127 [270 P. 201], the Supreme Court stated: "The underlying principle in all the cases where one has been allowed compensation out of a common fund belonging to others for expenses incurred and services rendered on behalf of the common interest is the principle of representation or agency. . . . The fact that one may be benefited by an action brought by another is not of itself sufficient to justify a court in assessing costs against the one who also profits by said action. Some contractual relation or some equitable reason sufficient to support an allowance of costs must be shown to exist to justify a court of equity in making such assessment."

Here, there is no contractual relation or overriding equitable rationale of unfairness to plaintiff which supports an allowance of fees.

We have not been directed to any California case resolving the status of the parties to similar SSI agreements. However, we consider a Michigan case to be persuasive. Although attorney fees were not mentioned in *Inman* v. *Department of Social Services* (1980) 98 Mich.App. 266 [296 N.W.2d 232], its analysis of the relationship of the parties is pertinent. *Inman* involved the same Social Security legislation. There was an arrangement with the State Department of Social Services comparable to that between defendant and the claimants in the present case. The SSI award was erroneously sent to claimants' payee. Without prior approval, the payee forwarded a major portion of it to the Department of Social Services thereby fully reimbursing the advances. The court concluded that this was proper, holding as follows:

"Section 1383(g) was enacted to encourage states to provide interim assistance where there is no duty to so provide. Congress was aware that between the time an individual applies for SSI benefits and the time they are received, considerable time may elapse. In the present case, Mrs. Inman was required to wait approximately six months. Although the first SSI check includes retroactive benefits from the time of filing, this cannot satisfy those persons who are in immediate and constant need. To help these persons, many states provide interim assistance.

"As a condition for assistance in Michigan, a recipient must agree to have the first SSI payment sent directly to the state. See *French v. Dep't of Social Ser-*

*vices,* 92 Mich. App. 701, 285 N.W.2d 427 (1979). This practice is consistent with § 1383(g) and the regulations promulgated thereunder. 20 CFR 416.1901 *et seq.*

"We find that the effect of § 1383(g)(1) and (2) is to make a state which supplies interim assistance a *preferred creditor* as to the first SSI payment." (296 N.W.2d at p. 235, original italics.)

Plaintiff argues that the amount left for payment of attorney fees after full reimbursement to the County may leave nothing for the client. Nevertheless, the client has had the benefit of the interim assistance and may continue to receive SSI benefits because of the work of the attorney. If the attorney fee potential is unattractive to attorneys, the problem should be resolved by the Legislature rather than the court.

The judgment is affirmed.

Zenovich, Acting P. J., and Hanson (P. D.), J., concurred.