**BOWEN/EDWARDS ASSOCIATES, INC., Plaintiff–Appellant,**

v.

**The BOARD OF COUNTY COMMISSIONERS OF LA PLATA COUNTY, Defendant–Appellee.**

**No. 89CA1071.**

Colorado Court of Appeals, Div. III.

June 28, 1990.

Rehearing Denied July 26, 1990.

Certiorari Granted June 24, 1991.

Dugan, Wright, Ehlers & Zentmyer, Thomas P. Dugan, Thornton W. Price, III, Durango, for plaintiff-appellant.

Steven J. Zwick, County Atty., Frederick A. Moeller, Jr., Asst. County Atty., Durango, for defendant-appellee.

Opinion by Judge STERNBERG.

The plaintiff, Bowen/Edwards Associates, Inc., appeals the trial court's dismissal of its complaint for lack of standing. We reverse and remand with directions.

In 1988, the defendant, the Board of County Commissioners of La Plata County, enacted regulations governing the development of oil and gas resources within the county. The Board adopted these regulations under the authority of § 29–20–104, C.R.S. (1986 Repl.Vol. 12A) (local government may regulate land use within its jurisdiction) and § 30–28–101, et seq., C.R.S. (1986 Repl.Vol. 12A) (local government shall adopt master plan and zoning plan for unincorporated territory of county).

The plaintiff, along with several other entities involved in the oil and gas industry, sought a declaration that the Oil and Gas Conservation Act, § 34–60–101, et seq., C.R.S. (1984 Repl.Vol. 14), confers exclusive authority to regulate oil and gas development upon the Oil and Gas Conservation Commission, that the Act preempts local regulation in this area, and that the Board's regulations are in direct conflict with the Act. The complaint also sought to enjoin the Board from enforcing its regulations.

In its answer, the Board asserted that, because the plaintiffs had not applied for and been denied a permit under the regulations, they had not suffered actual injury.

The Board then moved for dismissal because, it argued, the plaintiffs lacked standing to bring the action.

The trial court agreed with the Board, concluding that until the plaintiffs were denied a permit, there was no controversy for the court to adjudicate. The Board's motion to dismiss was granted, and this appeal by one of the initial plaintiffs followed.

## I.

■ The plaintiff argues that the trial court erred by dismissing its case for lack of standing. We agree.

■ The determination of standing involves two questions: (1) whether the plaintiff has suffered injury in fact and (2) whether the injury is to a legally protected right. *Wimberly v. Ettenberg,* 194 Colo. 163, 570 P.2d 535 (1977). The first question requires consideration whether the action complained of has caused or threatens to cause injury to the plaintiff. *CF & I Steel Corp. v. Colorado Air Pollution Control Commission,* 199 Colo. 270, 610 P.2d 85 (1980); *Wimberly v. Ettenberg, supra.*

In the context of a declaratory judgment action, the purpose of which is to afford relief from uncertainty surrounding legal rights and relations, the determination whether a plaintiff has suffered injury can be difficult. *See CF & I Steel Corp., supra; Beacom v. Board of County Commissioners,* 657 P.2d 440 (Colo.1983).

■ Although such an action must be based on an actual controversy, a party need not violate the challenged statute or regulation in order to obtain a declaration of its invalidity. *See State Board of Optometric Examiners v. Dixon,* 165 Colo. 488, 440 P.2d 287 (1968). It is sufficient that a party will be adversely affected by the challenged regulation. *Community Tele-Communications v. Heather Corp.,* 677 P.2d 330 (Colo.1984).

We do not agree with the Board's assertion that, because the plaintiff has not been injured, its complaint is a request for an advisory opinion. The Board's reliance on cases such as *Beacom, supra,* and *People v. Ford,* 773 P.2d 1059 (Colo.1989), is misplaced. In *Beacom,* no controversy existed because no question of statutory construction was presented, while in *Ford,* the plaintiff was not injured because the harm threatened by the statute was not imminent.

Here, on the other hand, the plaintiff's complaint demonstrates that the Board's regulations threaten to cause it injury. First, it is alleged that the plaintiff would be adversely affected by compliance with regulations which it considers unlawful. Second, if it complied with the regulations, the plaintiff would suffer economic injury because the Board's permit fees and bond requirements are greater than those of the state. Third, if the plaintiff proceeded with oil and gas development without a county permit, it would be subject to criminal sanctions. *See Heather Corp., supra.* Accordingly, we conclude that the plaintiff has standing to pursue this action, and that the trial court erroneously dismissed its complaint.

## II.

■ Thus, we address the substantive issue: whether the Board's regulations are preempted by the Oil and Gas Conservation Act. The Board insists that the regulations are not preempted and urges us to remand the case to the trial court for a hearing on this issue. The question of preemption, however, is a matter of law, and thus, remand is not necessary. *See Bacher v. District Court,* 186 Colo. 314, 527 P.2d 56 (1974).

The Act demonstrates a legislative intent to occupy the field of oil and gas regulation. Sole authority to regulate that area is vested in the Oil and Gas Conservation Commission, and any local regulation addressing the subject is barred. *Oborne v. Board of County Commissioners,* 764 P.2d 397 (Colo.App.1988).

Nevertheless, the Board argues that, while the Act governs the technical aspects of drilling, operation, and production of oil and gas wells, it does not govern the impact or land use of oil and gas develop-

ment. Hence, the Board contends that it is free to regulate in this area. We do not agree that this distinction exists.

By law, the Commission has the authority to "promulgate rules and regulations to protect the health, safety, and welfare of the general public in the drilling, completion, and operation of oil and gas wells and production facilities." Section 34–60–106(11), C.R.S. (1989 Cum.Supp.). The statute further provides that the grant to the Commission of any specific power shall not be construed to be in derogation of any of the general powers granted by the Act. Section 34–60–106(4), C.R.S. (1984 Repl.Vol. 14).

We conclude that these two statutory subsections give the Commission broad authority to regulate all phases of oil and gas development, including regulation of the impact of such .development on the surrounding community. Having thus preempted the field, the General Assembly has left no room for local regulation, and the regulations adopted by the Board are invalid.

The judgment is reversed. The cause is remanded for reinstatement of the complaint, and for entry of the declaratory and injunctive relief sought by the plaintiff.

JONES and NEY, JJ., concur.