JUSTICE RICE
concurring in part and dissenting in part.
¶27 I concur with the Court’s holding on Issue 2, but respectfully dissent from the Court’s holding under Issue 1. This is not an appropriate case for the common fund doctrine, and its application here impinges on state statute.
¶28 First, there is no “common” fund. “[W]hen a party has an interest in a fund in common with others and incurs legal fees in order to establish” the fund, that party is entitled to reimbursement of legal fees. Murer, 283 Mont. at 222, 942 P.2d at 76. The State Fund was not a party in Flynn’s SSD proceeding, made no claim against the Social Security Administration, and does not share a claim with Flynn. Flynn’s SSD award is personal to him and all funds obtained *418 thereunder are entirely under his control. The State Fund has no claim of entitlement to, or power to control the disbursement of, any funds paid to Flynn by the Social Security Administration.
¶29 Neither is there a common interest. Flynn successfully pursued a personal claim for Social Security disability benefits. The State Fund has no such claim, but rather, pursuant to §§ 39-71-701(5), and -702(4), MCA, is authorized to reduce payment of state statutory disability benefits in an amount of one-half of Flynn’s federal benefits. Contrary to the Court’s conclusion that this provision makes the State Fund an “ascertainable, non-participating beneficiary” to Flynn’s Social Security benefits, the State Fund’s status here is one of creditor. The Fund is not a beneficiary with a common claim to federal benefits.
¶30 In Neal v. Stanislaus County (1983), 141 Cal.App.3d 534, plaintiff attorney filed an action to compel the county to share payment of his attorney fees for recovery of Social Security income for his clients, who had received interim financial assistance from the county. Because his work resulted in the county being fully reimbursed amounts paid to his clients, the attorney claimed that the federal benefits constituted a common fund from which the county was paid as a passive beneficiary. He thus argued that the county was obligated to pay attorney fees in accordance with the benefits derived from the attorney’s efforts, to avoid unjust enrichment.
¶31 The Neal court discussed the development of the common fund doctrine and noted particularly the existence of contractual obligations which furthered the doctrine. Neal, 141 Cal.App.3d at 538. It concluded that the county’s interim financial assistance program created a debtor-creditor relationship which removed it from a common fund sharing of attorney fees. Neal, 141 Cal.App.3d at 538. In so doing, the court noted:
The mere fact that defendant [county] benefits from plaintiffs efforts does not in itself entitle plaintiff to fees from defendant. In County of Tulare v. City of Dinuba [citation omitted], the Supreme Court stated:
“The underlying principle in all the cases where one has been allowed compensation out of a common fund belonging to others for expenses incurred and services rendered on behalf of the common interest is the principle of representation or agency .... The fact that one may be benefitted by an action brought by another is not of itself sufficient to justify a court in assessing costs against the one who also profits by said action. Some contractual relation or some equitable reason sufficient to support an allowance of costs must be shown to exist to justify a court of *419 equity in making such assessment.”
Here, there is no contractual relation or overriding equitable rationale of unfairness to plaintiff which supports an allowance of fees.
Neal, 141 Cal.App.3d at 539.
¶32 While Neal involved state statutes and federal regulations not at issue here, its reasoning in regard to the common fund doctrine is instructive. Like the county in Neal, the State Fund receives a benefit, but that, without more, is an insufficient basis for application of the doctrine. The State Fund’s benefit is one provided by a state statute which creates a creditor’s claim, which the Fund and Flynn sought to negotiate. The Court’s holding infringes upon that statute, because it deprives the State Fund from collecting the full 50 percent of Flynn’s federal award authorized therein.
¶33 The common fund doctrine is “rooted in the equitable concepts of quasi-contract.” Murer, 283 Mont. at 222, 942 P.2d at 76 (quoting Means v. Montana Power Co. (1981), 191 Mont. 395, 403, 625 P.2d 32, 37). It is applied in cases involving “principled of representation or agency.” Neal, 141 Cal.App.3d at 539. Cases involving multiple beneficiaries, active and passive, with common interests in a common fund are appropriate for application of the doctrine. See Rausch, Fisch and Frost v. State Compensation Insurance Fund, 2002 MT 203, ¶ 48, 311 Mont. 210, ¶ 48, 54 P.3d 25, ¶ 48.
¶34 The Court’s merger of the common fund doctrine with the statute at issue here is error. Further, the Court’s holding divorces the doctrine from its fundamental precepts. Arguably, the doctrine is now applicable to virtually anyone deriving a financial benefit from a claimant’s settlement or award. That was not, and is not, the purpose of the doctrine.
¶35 I would affirm the Workers’ Compensation Court, which would keep our case law on this issue consistent, as established in Stahl.
CHIEF JUSTICE GRAY joins in the foregoing concurring and dissenting opinion of JUSTICE RICE.